Cartagena v. Barr

BIA
A030 958 643

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand nineteen.

PRESENT:
> PIERRE N. LEVAL,
> REENA RAGGI,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

JUAN ANTONIO CARTAGENA, AKA JAY GONZALES, AKA STEVEN GONZALEZ,
> *Petitioner,*

v.                                      17-2031
                                        NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        E. Abel Arcia, Jackson Heights, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Sara J. Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Antonio Cartagena, a native and citizen of the Dominican Republic, seeks review of a BIA decision denying his motion to reopen his removal proceedings. *See In re Juan Antonio Cartagena,* No. A030 958 643 (B.I.A. June 6, 2017). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as relevant to Cartagena's derivative citizenship claim.

Cartagena was born in the Dominican Republic in 1968 to unmarried Dominican citizens. His father relocated to the United States and, in 1973, Cartagena entered this country as a lawful permanent resident. Cartagena's father, his custodial parent at that time, naturalized as a U.S. citizen in 1979. His mother naturalized in 1996, well after Cartagena turned 18.

We have jurisdiction to review Cartagena's derivative citizenship claim notwithstanding that we generally lack jurisdiction to review orders of removal based on felony convictions, or the BIA's discretionary decision to decline

2

*sua sponte* reopening. *See* 8 U.S.C. § 1252(a)(2)(C), (D); *Gil v. Sessions*, 851 F.3d 184, 186 n.1 (2d Cir. 2017); *Ali v. Gonzales*, 448 F.3d 515, 518 (2d Cir. 2006). "We review the question of derivative citizenship *de novo* where, as here, the petitioner claims to be a national of the United States and the record presents no genuine issue of material fact about the petitioner's nationality." *Gil v. Sessions*, 851 F.3d at 186 (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(b)(5)(A).

**I.  Derivative Citizenship**

Pursuant to the law of the case doctrine, we decline to revisit whether Cartagena meets the requirements for derivative citizenship under former 8 U.S.C. § 1432(a). *See Cartagena v. Sessions*, No. 16-3010 (2d Cir. Feb. 14, 2017)(reasoning that Cartagena, "who was born out of wedlock, did not automatically derive citizenship from his father under former 8 U.S.C. § 1432(a) because his mother was not naturalized or deceased while he was under 18"); *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (explaining that, while "not binding," law of the case doctrine forecloses relitigation of issues decided by prior panel absent "cogent and compelling reasons such as an intervening change of controlling law, the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice" (internal quotation marks omitted)).

## II. Equal Protection

That does not end our inquiry, however, because Cartagena also challenges the constitutionality of 8 U.S.C. § 1432(a)(3), under which he sought derivative citizenship. That statutory provision states, in relevant part, that a naturalized *mother* may automatically confer U.S. citizenship to her child "if the child was born out of wedlock and the paternity of the child has not been established by legitimation." 8 U.S.C. § 1432(a)(3). Cartagena asserts that this provision allowing an unwed mother to confer citizenship—but not an unwed father—is a gender-based classification that violates equal protection. This court, however, has already held that § 1432(a)(3) does *not* violate equal protection, *see Pierre v. Holder*, 738 F.3d 39, 48, 50–58 (2d Cir. 2013), and we are bound by that "decision until it is overruled either by this Court sitting *en banc* or by the Supreme Court," *Doscher v. Sea Port Grp. Sec., LLC*, 832 F.3d 372, 378 (2d Cir. 2016).

Cartagena argues that the Supreme Court's decision in *Sessions v. Morales-Santana*, 137 S. Ct. 1678 (2017), overrules *Pierre*. It does not. The statute at issue in

4

*Morales-Santana*, 8 U.S.C. § 1401(a)(7), required an unwed citizen father to reside in the United States for ten years prior to the birth of his child, whereas the statute required only one year of pre-birth residency for an unwed mother to pass citizenship to her child, *see Morales-Santana,* 137 S. Ct. at 1686. The Supreme Court held that this difference violated equal protection because it discriminated on the basis of gender and relied on an outdated and unjustifiable understanding of gender roles. *See id.* at 1690-98.

Section 1432(a), however, does not rely on outdated stereotypes. Rather, it distinguishes between circumstances where a minor has two known and living parents and where a minor has only one parent (either an unwed mother and no paternal legitimation or a deceased parent). *See Lewis v. Gonzales*, 481 F.3d 125, 131 (2d Cir. 2007); *cf. Morales-Santana*, 137 S. Ct. at 1690-94 (distinguishing laws based on outdated stereotypes from those based on "the parent's filial tie to the child"). Accordingly, *Morales-Santana* does not implicate § 1432(a)(3), and *Pierre* controls.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court